UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC MORTGAGE & INVESTMENT CORPORATION | CIVIL ACTION |
| VERSUS | NO. 04-2170 c/w 06-11197 |
| RICHARD HENDERSON ROWE PAYNE, ET AL | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on rule to show cause. The lead case was removed by the United States of America after it was served with a state court motion. The removing party bears the burden of establishing subject matter jurisdiction existed at the time of removal. Howery v. Allstate Insurance Co., 243 F.3d 912 (5th Cir. 2001). The relevant state court pleadings and documents were belatedly filed on August 29, 2007.[1] (Rec. Doc. 26). It appears from a review of those pleadings that the United

---

[1] The United States as removing party was ordered to file a list of all remaining parties, copies of all pleadings filed by those parties in state court and copies of the returns of service on those parties in state court within ten days from August 5, 2004. (Rec. Doc. 1).

1

States of America removed this matter prior to making any appearance in the state court suit.  In its Notice of Removal, the United States indicates that the Internal Revenue Service was "the defendant named in the Motion" filed by the Civil Sheriff for Orleans Parish, Louisiana in his "Motion to Rank Lien Holders and To Disburse Funds Held By the Civil Sheriff of the Parish of Orleans."  (Rec. Docs. 1, p. 2 &  29, p. 2). Although it appears that the Internal Revenue Service was placed on the service list for that motion, there is no indication in that motion that the Internal Revenue was being named "Defendant" or otherwise made a "party" by virtue of that reference in the motion for purposes of 28 U.S.C. § 1441 at any relevant time prior to removal.  (Rec. Doc. 1, p. 2).   The state court record reveals that the Internal Revenue Service first appeared in the state court action after removal when it filed its "Notice to the Clerk of Court of the Civil District Court" that removal had been effected.   (Rec. Doc. 26).

The Internal Revenue Service also states that the Civil Sheriff's "Motion to Rank Lien Holders and To Disburse Funds Held By the Civil Sheriff of the Parish of Orleans." "acknowledges that  liens for federal tax liabilities were filed with regard to the subject property" and that "[s]uch liens presumably encumber the funds to be disbursed." (Rec. Doc. 1, p. 2).  Instead, the first indication of any federal tax lien accompanies the September 14, 2007, memoranda accompanying the Internal Revenue Service's Motion

for Leave to Amend the Complaint" in Civ. Action 06-11197, and these papers have not been shown to have been part of the state record prior to removal . (Rec. Doc. 29).

Rather, the record reveals that the United States did not file an "Answer" to the Civil Sheriff's "Motion to Rank Lien Holders and To Disburse Funds Held By the Civil Sheriff of the Parish of Orleans" until May 10, 2006, over twenty-one months after removal. In addition, the funds from the Sheriff's sale remain in the Registry of Civil District Court.

Complications arising from this premature removal permeate these proceedings. As noted by the United States, the Civil Sheriff's "Motion to Rank Lien Holders and To Disburse Funds Held By the Civil Sheriff of the Parish of Orleans" was not served on all interested parties by the Civil Sheriff prior to removal, which divested the state court of jurisdiction. Therefore, according to the record, interested parties were not even provided official notice of the Civil Sheriff's action in the lead removed case. More importantly, for present purposes, the United States has not established that it had been made a party or had made an appearance in the state court action prior to removal.

The Court does not pass on any aspect of the merits of the dispute to which the lead removed case, Civil Action 04-2170 "C" relates, and is otherwise satisfied with the progress made toward prosecuting the consolidated case, Civil Action No. 06-11197

"C."

Accordingly,

IT IS ORDERED that Civil Action No. 04-2170 "C" and Civil Action No. 06-11197 "C" are DECONSOLIDATED;

IT IS FURTHER ORDERED that Civ. Act. 04-2170 "C" is REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Motion for leave to Amend the Complaint filed by the United States and the Ex Parte Motion to Extend Period for United States to Effect Service of its Amended Complaint in Civil Action No. 06-11197 "C" are GRANTED.   (Rec. Docs. 29, 30).

New Orleans, Louisiana, this 24th of September, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE